# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CARDELL CHRISTOPHER                                                                                          PETITIONER
ADC #146436

V.                                         NO. 5:14cv00007 BSM/JTR

RAY HOBBS, Director,                                                                                        RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Cardell Christopher, an inmate in the Arkansas Department of Correction. *Doc. 2*. Respondent has filed a Response, *Doc. 9*, and Petitioner elected not to file a Reply, *see Docs. 10- 12*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

On June 17, 2010, Petitioner appeared in Columbia County Circuit Court and entered a negotiated guilty plea to one count of first degree murder. He was sentenced to 360 months of imprisonment. *Doc. 9-1*; *Doc. 2*, at 25-31. Because his guilty plea was not conditional, Petitioner waived his right to a direct appeal. *See* Ark. R. App. P.-Crim 1(a); Ark. R. Crim. P. 24.3(b) (2010).

On April 14, 2011, Petitioner filed a state petition for writ of habeas corpus in Lincoln County Circuit Court.[1] *Doc. 9-2*. *See* Ark. Code Ann. § 16-112-101 to -123. After the Court entered an order denying the state habeas petition, Petitioner appealed. *Doc. 9-3*.

On November 3, 2011, the Arkansas Supreme Court dismissed Petitioner's appeal of the denial of his state habeas petition. The Court held that Petitioner's allegations did not assert sufficient grounds for state habeas relief under Arkansas law. *Christopher v. Hobbs*, 2011 Ark. 469. *Docs. 9-3 & 9-4*.

On January 3, 2014, Petitioner initiated this *pro se* § 2254 habeas action. In his

---

[1]He argued that: (1) the trial court did not follow proper procedure in taking his guilty plea; (2) he was actually innocent of the offense; (3) newly discovered evidence, in the form of two affidavits, proved his innocence; (4) he was not afforded effective assistance of counsel; and (5) he did not knowingly, intelligently and voluntarily plead guilty.

Petition, he argues that: (1) his guilty plea was coerced by the prosecuting attorney, defense counsel and Petitioner's family members; (2) his trial attorney was ineffective in advising him to plead guilty and in failing to inform him of his right to collaterally attack the judgment of conviction; (3) he is actually innocent of the offense; (4) the prosecutor failed to disclose that "deals" had been made with his co-defendants to incriminate him in exchange for favorable treatment; (5) the trial court did not follow proper procedure in taking his guilty plea; and (6) he did not knowingly and intelligently waive his right to a jury trial.

Respondent contends that: (1) Petitioner's third and fourth claims are non-jurisdictional defects that were waived by entry of his guilty plea; (2) all of his claims are barred by the one-year statute of limitations applicable to federal habeas petitions; and (3) his claims are procedurally defaulted due to his failure to properly present them in state court.

For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[2]

## II. Discussion

---

[2]Thus, the Court need not address Respondent's other arguments.

A. **Calculation of Limitations Period**

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's Judgment and Commitment Order was certified by the court clerk on July 21, 2010.[3] Because his guilty plea waived his right to appeal, his conviction was "final" at that time for purposes of § 2244(d)(1)(A). From that date, Petitioner had one year, until July 21, 2011, to file this federal habeas action.

Petitioner initiated this action on January 3, 2014, almost two and one-half years *after* the expiration of the one-year statute of limitations.[4]

---

[3]The copies of the Judgment and Commitment Order submitted by the parties do not reflect the date it was "filed" with the court clerk. *Doc. 2,* at 33-34; *Doc. 9-1. See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is "entered" when stamped or otherwise marked with the date and time and the word "filed"). For purposes of this Recommended Disposition, the Court has assumed that the Judgment and Commitment Order was "filed" the same day the clerk certified it on July 21, 2010.

[4]Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on January 8, 2014, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court assumes, for purposes of this Recommended Disposition, that Petitioner delivered his Petition to prison authorities for mailing on January 3, 2014, the day he signed it. *Doc.2*, at 22.

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

Petitioner's state habeas petition was pending from April 14, 2011, to November 3, 2011, when the Arkansas Supreme Court dismissed his appeal. Even if he is given the benefit of 203 days of statutory tolling between those two dates, his § 2254 Petition was still initiated almost two years after expiration of the statute of limitations.

**B.**   *Martinez/Trevino*

Petitioner contends that his § 2254 Petition is timely because he filed it within one year of the United States Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which was an extension of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Doc. 2*, at 18-20.

In some circumstances,, the one-year limitations period may begin to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §

6

2244(d)(1)(C). Petitioner cannot rely on *Martinez/Trevino* to avail himself of this provision.

In *Martinez* and *Trevino*, the Supreme Court recognized limited circumstances in which lack of counsel, or ineffective assistance of counsel, at the initial step of state post-conviction review could establish "cause" to excuse a habeas petitioner's procedural default of a claim that his trial counsel rendered ineffective assistance. However, the Court based its rulings on equitable principles and expressly declined to hold that there is a *constitutional* right to counsel in initial-review state post-conviction proceedings. *Martinez*, 132 S. Ct. at 1315, 1319-20. Thus, the fact that Petitioner proceeded without counsel in his state post-conviction proceedings cannot amount to the violation of a newly recognized "constitutional right" under § 2244(d)(1)(C). *See Lambrix v. Secretary, Florida Dept. of Corrections*, 756 F.3d 1246, 1262 (11th Cir.) ("The 'constitutional right' triggering event in § 2244(d)(1)(C) is also inapplicable to Lambrix's *Martinez*-based claims because *Martinez* did not announce a new rule of constitutional law."), *cert. denied*, 135 S. Ct. 64 (2014).

Furthermore, nothing in *Martinez* or *Trevino* provides a basis for equitably tolling the one-year limitations period. A petitioner may be entitled to equitable tolling if he shows: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 645, 649 (2010). Courts have uniformly held that, although *Martinez* and *Trevino* changed the law regarding federal habeas review of *procedurally defaulted* claims, the decisions do not constitute an "extraordinary circumstance" warranting equitable tolling of the one-year statute of limitations for filing a timely § 2254 habeas action. *See, e.g., Arthur v. Thomas*, 739 F.3d 611, 628-31, 633 (11th Cir.) (holding that "the reasoning of the *Martinez* rule does not apply to ... [the one-year] limitations period in § 2254 cases or any potential tolling of that period"), *cert. denied*, 135 S. Ct. 106 (2014); *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013) (habeas petitioner's "recent discovery of a relevant legal defense" based on *Martinez*, does not provide a basis for equitable tolling); *Smith v. Hobbs*, 2014 WL 2718698, at *2 (E.D. Ark. May 15, 2014) (*Martinez* holding is not an extraordinary circumstance that would justify equitable tolling; "[w]hether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the ... statute of limitations").

Finally, Petitioner has not exercised the necessary diligence to be entitled to equitable tolling, as required by *Holland*. After the Arkansas Supreme Court dismissed his appeal of the denial of his state habeas petition on November 3, 2011, Petitioner *waited more than two years* before filing this federal habeas action. This does *not* show diligence by Petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419

(2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009). Thus, Petitioner is not entitled to equitable tolling.

### C. "New" Evidence of Innocence

Petitioner also contends that: (1) he has "new" evidence to substantiate his federal habeas claims; and (2) the new evidence establishes that he is "actually and legally innocent of the crimes for which he was coerced into pleading guilty to." *Doc. 2*, at 2, 9-10, 20-21. In support, he submits affidavits from: (1) Terrance Manning, dated November 23, 2010; and (2) Dorothy Burnell (Petitioner's mother), dated November 29, 2010. *Id.* at 23-24.

Petitioner asserts that, according to the prosecution, Mr. Manning "not only confessed to his [Mr. Manning's] participation" in the victim's death, but would testify that Petitioner "ordered the killing."[5] *Id.* at 6. In his affidavit, Mr. Manning

---

[5]At the plea hearing, the prosecutor recited the following facts in the state's case against Petitioner:

> On July 23, 2009, in Columbia County, the Defendant, acting as an accomplice along with several other folks who are also charged, instructed various individuals to cause injury to Dennis Cross and ultimately instructed at least one of the individuals to drag Mr. Cross into the highway, at which time a vehicle ran over Mr. Cross. It is impossible to prove

9

stated that Petitioner "did not know anything" about the victim getting beat up and did not order Mr. Manning or anyone else to drag the unconscious victim on to the highway. Mr. Manning stated that police officers threatened him and others and told them to say that Petitioner "gave the order," or they would be charged with murder themselves. Finally, Mr. Manning stated that Petitioner "is an innocen[t] man that is doing time for a crime that he had nothing to do with or knew anything about and had I been call[ed] to trial on Mr. Christopher['s] behalf to testify I would have done so because he is an innocent man behind bar[s]." *Id.* at 23.

According to Ms. Burnell's affidavit, Mr. Manning told her, a few days before Petitioner's scheduled trial, that Petitioner "did not have anything to do with Mr. Dennis Cross's death," and that police coerced him and others into saying "it was gang-affiliated" and that Petitioner gave them the order to beat up Mr. Cross. Ms. Burnell stated that she immediately relayed this information to Petitioner and to his attorney, who told her to persuade Petitioner to "take a plea deal of 40 years" or the prosecutor would "bring up another murder charge on [Petitioner] that he could get life in prison for." *Id.* at 24.

---

      whether Mr. Cross' death was caused by being struck by a cinder block or bricks or being struck by the vehicle. One of them, either the cinder block or bricks or the vehicle striking him, caused his death, which was at the instruction of the Defendant, Mr. Christopher.

*Doc. 2*, at 29. Petitioner affirmed that this was "an accurate statement of the facts." *Id.*

These affidavits do not establish any basis for excusing the untimeliness of Petitioner's § 2254 Petition.

In some circumstances, the limitations period does not begin to run until the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicate is determined by the "vital facts" underlying the claim. *Earl*, 556 F.3d at 725.

Both affidavits were executed in November 2010, approximately five months after Petitioner entered his guilty plea on June 17, 2010. However, Ms. Burnell's affidavit states that Mr. Manning told her about Petitioner's innocence on June 15, 2010, "a few days" before Petitioner's trial date, and that she immediately relayed this information to Petitioner and his attorney. In his § 2254 Petition, Petitioner admits that he and his attorney knew of the facts stated in the affidavits at the time he pleaded guilty. *Doc. 2*, at 6, 20. He does not explain why he failed to obtain either of these affidavits earlier. Through the exercise of due diligence, Petitioner clearly could have discovered the "vital facts" underlying his claims *before* he entered his guilty plea in June 2010, and certainly before expiration of the one-year period for filing a federal habeas action. This means, under § 2244(d)(1)(D), he is not entitled to any delay in the one-year limitations period, which began to run on July 21, 2010.

For similar reasons, the affidavits of Mr. Manning and Ms. Burnell are insufficient to establish a claim of actual innocence, which, "if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations under *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

In *McQuiggin*, the Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011). A habeas petitioner's "unexplained delay" in coming forward with his new evidence is a factor to be considered in evaluating the "credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1935-36.

Neither of the affidavits submitted by Petitioner constitutes "new reliable" evidence. As explained, Petitioner knew of the facts stated in both affidavits at the time he entered his guilty plea in June 2010, the affidavits were executed in November

12

2010, and Petitioner submitted the affidavits in support of his state habeas petition in April 2011. Thus, the affidavits are not "new" evidence that was "not available at trial through the exercise of due diligence." *Kidd*, 651 F.3d at 953.[6] In addition, the reliability of the affidavits is undermined by Petitioner's failure to explain why, after obtaining the affidavits in November 2010, he waited *more than three years* before using them to support an actual-innocence claim in a federal habeas action.

The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"), *cert. denied*, 134 S. Ct. 58 (2013).

Accordingly, all of Petitioner's habeas claims are time-barred.

---

[6]*See Osborne v. Purkett*, 411 F.3d 911, 919-20 (8th Cir. 2005) (no "new" evidence where affidavit was based on information existing at time of trial, which could have been discovered earlier if pursued with diligence); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir.2004) (no actual-innocence showing with information that was available at trial, on direct appeal and throughout post-conviction proceedings); *Bannister v. Delo*, 100 F.3d 610, 618 (8th Cir.1996) (affidavit is not new evidence if defendant was aware at trial of facts contained in affidavit, even if defendant was not aware of document itself).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 2nd DAY OF DECEMBER, 2014.

_____
UNITED STATES MAGISTRATE JUDGE